THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)



ENTERED
CLERK, U.S. DISTRICT COURT
JUL 19 1999
CENTRAL DISTRICT OF CALIFORNIA
BY  DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-98-3985 CAS (SHx)             July 15, 1999

Title:    MICHAEL P. PATTINSON v. CHURCH OF SCIENTOLOGY ET AL.

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Jim Holmes,                                    Not present
Deputy Clerk                                   Court Reporter

---

PLAINTIFF COUNSEL PRESENT:      DEFENDANT COUNSEL PRESENT:
None                            None

PROCEEDINGS:   AWARD OF COSTS, EXPENSES, AND ATTORNEYS' FEES

   On April 15, 1999, this Court issued an order finding that defendant Kendrick Moxon ("Moxon") was entitled to costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927, or in the alternative, pursuant to Fed. R. Civ. P. 11. In that order, the Court directed the parties to submit briefing to determine the proper amount to be awarded.

   Under section 1927, the court may allow the recovery of attorneys' fees, costs, and expenses incurred as a result of unreasonable or unnecessary multiplication of proceedings by an attorney. In calculating an appropriate award under section 1927, the court determines the amount of fees and expenses incurred as a direct result of the sanctionable conduct. See Yagman v. Baden, 796 F.2d 1165, 1187-88 (9th Cir. 1986), amended, 803 F.2d 1085 (9th Cir. 1986). The court may award those fees, costs, and expenses clearly attributable to the unnecessary multiplication of proceedings. See Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 185 (9th Cir. 1996)(holding that

---

✓ DOCKETED
  MLR \Orders\CIVIL\1998\98-3985.9  Scanned
✓ MLD COPY PTYS
✓ MLD NOTICE PTYS
✓ JS-6

JUL 19 1999
ENTERED ON ICMS

JUL 19 1999

73

percentage award based on evaluation of attributable costs and fees was appropriate under section 1927).[1]

Under Rule 11, the court may consider a number of factors in determining the amount of fees to be awarded, including: (1) whether the award will deter future misconduct by the sanctioned party; (2) whether the fees incurred were "reasonably necessary to resist the offending action"; and (3) any mitigation of fees and expenses. See Yagman, 796 F.2d at 1183-1185; Pope v. Federal Express, 49 F.3d 1327, 1328 (8th Cir. 1995). The award is limited to those fees and expenses "incurred as a direct result of the [Rule 11] violation." Fed. R. Civ. P. 11(c)(2). In addition, Rule 11 "specifically allows a district court to include the costs associated with sanctions proceedings." Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998) (citing 1993 amendment to Rule 11).

This Court concluded in its previous order that plaintiff's counsel, Graham Berry ("Berry"), acted in bad faith by pursuing meritless claims against defendant Moxon in this action. The Court determined that filings by Berry following the dismissal of the first amended complaint on September 28, 1998, created an unnecessary multiplication of the proceedings for Moxon, and therefore granted Moxon his costs, expenses, and attorneys' fees incurred as a result of Berry's actions after that date.

In the briefs submitted to the Court, Moxon has requested a total amount of $52,809.72, consisting of $50,312.50 in attorneys' fees and $2,497.22 in expenses. Moxon has submitted summaries of time sheets for hours expended by his attorney, Eric

---

[1] There is little case law in the Ninth Circuit articulating the correct formula for calculating an award of attorneys' fees, costs, and expenses under section 1927. District courts in other circuits have concluded that the lodestar method, applied after the time spent in the initial pleadings, is an appropriate method for determining fees under this section. See e.g., Boykin v. Bloomsburg Univ. of Pennsylvania, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995)(calculating fees by multiplying reasonable hourly rate by number of hours reasonably expended on responding to unnecessary multiplication of litigation).

Lieberman ("Lieberman"). See Exhibit A to Declaration of Eric M. Lieberman ("Lieberman Decl."). The summaries reflect that Lieberman performed 143.75 hours of work on this case between October 1, 1998, and April 5, 1998. See Lieberman Decl. at ¶ 8. Lieberman practices in New York, and his ordinary hourly rate ranges from $375 to $400 per hour, which he states is reasonable for an attorney with his education and experience in either New York or Los Angeles. Id. at ¶ 7. Lieberman seeks to recover at a rate of $350 per hour for his services in this action. Id. Lieberman states that he has practiced law for over twenty-eight years. Id. at ¶¶ 2-4.

Moxon has also submitted a request for expenses incurred for Lieberman's travel from New York to appear at a hearing before this Court on April 5, 1999. These expenses include airfare in the amount of $1,896.00, hotel and meal costs of $461.22, and taxi fare of $140.00, for a total of $2,497.22. See id. at ¶ 10.

Defendant also contends that he has attempted to mitigate his costs in defending this action in several respects. For example, Moxon, who is an attorney, does not seek to recover for the hours he personally expended on this litigation.[2] Defendant also points to unsuccessful efforts by Lieberman through the course of the action to convince Berry to dismiss the action against defendant Moxon. See id. at ¶¶ 13-17.

Berry raises several objections to the fees and expenses requested by Moxon.[3] Berry first objects to the hourly rate charged by Lieberman, arguing that his New York rates are unreasonable for litigation conducted in Los Angeles. Berry also contends that the requested travel expenses would not be incurred by local counsel. In addition, Berry argues that Lieberman and

---

[2] Moxon states that he performed over fifty hours of work on this case, resulting in a loss to his own practice. See Declaration of Kendrick L. Moxon, ¶ 3.

[3] Berry also renews his objections to the Court's decision to award fees to Moxon. The Court finds that Berry has not presented any legitimate basis for reconsideration of this Court's earlier order.

Moxon conducted the defense in bad faith and failed to mitigate costs in this litigation.

Upon review of the submissions of the parties, the Court finds that defendant Moxon is entitled to recover a reasonable amount of the fees and expenses he has requested. Lieberman has provided time sheets indicating that he expended 143.75 hours over the course of six months. A review of the summaries provided indicates that this time was expended in filing oppositions to motions filed by Berry, as well as in preparing motions in response to the complaint. The record reflects that defendant Moxon filed the following documents after September 28, 1998:

> (1) Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Revised Second Amended Complaint and Third Amended Complaint, and Notice of Cross-motion to Dismiss and to Renew Motion for Rule 11 Sanctions (filed November 17, 1998);
>
> (2) Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Third Amended Complaint, and Renewal of Request for Sanctions Under Rule 11 (filed January 11, 1999);
>
> (3) Motion to Dismiss Third Amended Complaint and Renewal of Request for Sanctions Under Rule 11 (filed February 12, 1999);
>
> (4) Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 1, 1999);
>
> (5) Defendant Kendrick L. Moxon's Opposition to Plaintiff's Motion for Leave to File Nunc Pro Tunc to File Revised Third Amended Complaint (filed March 8, 1999);
>
> (6) Reply Memorandum in Support of Defendant Kendrick L. Moxon's Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 15, 1999);
>
> (7) Reply of Defendant Kendrick L. Moxon in Support of Motion to Dismiss Third Amended Complaint (filed March 15, 1999);

(8) Ex Parte Application to Strike Declaration of Michael Pattinson (filed March 22, 1999); and

(9) Reply Memorandum Regarding Plaintiff's Second Opposition to Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 29, 1999).

From the time sheets submitted by Lieberman, the Court cannot determine the precise number of hours expended on each opposition or motion filed. Based on an examination of these documents, the Court concludes that some of the hours claimed by Lieberman do not fairly represent time expended as a direct result of Berry's sanctionable conduct. The motions to dismiss the amended complaints involved largely the same issues. In addition, defendant's requests for sanctions were based on the similar arguments to those originally advanced by defendant in September 1998. Consequently, the Court concludes that a reduction in the number of hours expended is appropriate in calculating the fee award.

The Court finds that the following hours claimed by Lieberman constitute time spent defending against unnecessary filings by Berry:

(1) October 30: "Receive and review new complaint." (3.50 hours);

(2) November 3: "Review 2nd amended complaint; PCs EP, RM re: strategy, motion; Letter to Berry." (4.00 hours);

(3) November 4: "PCs GB, RM, EP. Review complaint and outline." (2.00 hours);

(4) November 5: "Review GB declaration; PC EP; Review complaint and outline." (2.00 hours);

(5) November 6: "PCs EP. Review Berry's motion to replead." (1.00 hours);

(6) November 9: "Review revised 2nd amended complaint, memo from client. Outline response and cross motion." (2.00 hours);

(7) November 10: "Letter to GB. Work on draft for response and cross motion." (3.00 hours);

(8) November 12: "Work on opposition to Berry motion and cross motion; Research and writing. Revising draft. PCs EP, KL re: same." (8.50 hours);

(9) November 13: "Review, revise, edit draft; PCs EP, RM, BR." (4.50 hours);

(10) December 11: "PCs EP, RM. Research re: § 1927." (2.50 hours);

(11) January 5: "Review Berry motion to amend. Review proposed 3rd amended complaint; PCs EP. Research and began drafting opposition memo." (3.50 hours);

(12) March 1: "Review and edit § 1927 motion; PCs RM." (2.00 hours);

(13) March 2: "Review pleadings. PCs EP re: response to motion; PCs SR, RM." (1.50 hours);

(14) March 10: "PC BD. PC EP. PC RM. Review Berry's latest papers. Conf. call re: response." (2.50);

(15) March 11: "Work on response. PCs EP, RM, BR." (3.00 hours);

(16) March 12: "PCs EP, RM. Review letters, pleadings, response." (2.00 hours);

(17) March 16: "Review Pattinson pleadings. Revise and edit responses. PCs EP, RM." (2.50 hours)

(18) March 18: "Receive and review materials for hearing. PCs EP." (2.50 hours)

(19) March 19: "Review Berry pleadings. PC RM, EP re: motion to strike." (2.00 hours);

(20) March 22: "Read new complaint. PCs EP, RM. Conf. call w/BR, et al. Letters from SR." (3.00 hours);

(21) March 23: "Order. PCs EP, RM. Review Pattinson declaration." (2.50 hours);

(22) April 2: "Review file and materials in preparation for hearing." (4.25 hours);

(23) April 4: "Travel to LA. Meeting w/client. Prepare for hearing. (Hours for travel include only working time)." (6.25 hours); and

(24) April 5: "Review materials for hearing. Attend hearing." (3.75 hours).

Exhibit A to Lieberman Decl.

The Court finds that the above 74.25 hours represent hours necessitated by Berry's actions and fairly represent the excess time spent as a result of the sanctionable conduct.[4] The Court also finds that Lieberman's hourly rate of $350 is comparable to rates of attorneys in the Los Angeles community with comparable skill and experience to that of Lieberman. Therefore, the Court hereby awards attorneys' fees in favor of defendant Moxon for

---

[4] Specifically, the Court finds that items (1) through (9) listed above reflect hours expended in preparing the Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Revised Second Amended Complaint and Third Amended Complaint, and Notice of Cross-motion to Dismiss and to Renew Motion for Rule 11 Sanctions, filed November 17, 1998; items (10) and (12) reflect hours spent in preparing defendant's Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927, filed March 1, 1999; items (11) and (13) reflect preparation for Defendant Kendrick L. Moxon's Opposition to Plaintiff's Motion for Leave to File Nunc Pro Tunc to File Revised Third Amended Complaint, filed March 8, 1999; items (14)-(16) reflect hours expended for Reply of Defendant Kendrick L. Moxon in Support of Motion to Dismiss Third Amended Complaint, filed March 15, 1999); item (19) reflects hours expended for the Ex Parte Application to Strike Declaration of Michael Pattinson, filed March 22, 1999; and items (17), (18), and (20)-(24) reflect preparation for the April 5, 1999 hearing on defendant's motions before this Court.

74.25 hours at a rate of $350 per hour, for a total sum of $25,987.50.

In addition, the Court concludes that Moxon's choice of New York counsel was not unreasonable in this case, and the travel expenses for one hearing before this Court are not excessive. The Court hereby awards expenses in the amount of $2,497.22.

For the reasons set forth above, the Court awards defendant Moxon the total sum of $28,484.72 in attorneys' fees and expenses.

IT IS SO ORDERED.