```
Priority    ✓
Send       ___
Enter       ✓
Closed     ___
JS-5/JS-6   ✓
JS-2/JS-3  ___
Scan Only  ___
```

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



FILED
CLERK, U.S DISTRICT COURT
JUN 30 2000
CENTRAL DISTRICT OF CALIF.
BY

## MINUTE ORDER

Case No.: CV-98-3985 CAS (SHx)                         June 26, 2000

Title:     MICHAEL P. PATTINSON v. CHURCH OF SCIENTOLOGY ET AL.

---

PRESIDING:     HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,                                          John Turman,
Deputy Clerk                                            Court Reporter

ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 3 2000
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

PLAINTIFF COUNSEL PRESENT:          DEFENDANT COUNSEL PRESENT:

PROCEEDINGS:   NOTICE OF MOTION AND MOTION PURSUANT TO F.R.C.P.
               60(b) TO VACATE RULE 11 ORDER

               DEFENDANT MOXON'S MOTION FOR RULE 11 SANCTIONS

   On April 15, 1999, this Court issued an order finding that defendant Kendrick Moxon ("Moxon") was entitled to costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927, or in the alternative, pursuant to Fed. R. Civ. P. 11. Since then, counsel for plaintiff has submitted a motion (erroneously labeled a Rule 60(b) motion) to reconsider the sanctions levied against him by this Court.

   Under section 1927, the court may allow the recovery of attorneys' fees, costs, and expenses incurred as a result of unreasonable or unnecessary multiplication of proceedings by an attorney. In calculating an appropriate award under section 1927, the court determines the amount of fees and expenses incurred as a direct result of the sanctionable conduct. See Yagman v. Baden, 796 F.2d 1165, 1187-88 (9th Cir. 1986), amended, 803 F.2d 1085 (9th Cir. 1986). The court may award those fees,



```
✓ Docketed
✓ Copies / NTC Sent
  G:\Orders\CIVIL\1998\98-3985.10.wpd
✓ JS - 5 / JS - 6
__ JS - 2 / JS - 3
__ CLSD
```

JUL 0 3 2000

ENTERED ON ICMS
JUL - 3 2000

93

costs, and expenses clearly attributable to the unnecessary multiplication of proceedings. See Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 185 (9th Cir. 1996)(holding that percentage award based on evaluation of attributable costs and fees was appropriate under section 1927).[1]

Under Rule 11, the court may consider a number of factors in determining the amount of fees to be awarded, including: (1) whether the award will deter future misconduct by the sanctioned party; (2) whether the fees incurred were "reasonably necessary to resist the offending action"; and (3) any mitigation of fees and expenses. See Yagman, 796 F.2d at 1183-1185; Pope v. Federal Express, 49 F.3d 1327, 1328 (8th Cir. 1995). The award is limited to those fees and expenses "incurred as a direct result of the [Rule 11] violation." Fed. R. Civ. P. 11(c)(2). In addition, Rule 11 "specifically allows a district court to include the costs associated with sanctions proceedings." Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998) (citing 1993 amendment to Rule 11).

This Court concluded in a previous order that plaintiff's counsel, Graham Berry ("Berry"), acted in bad faith by pursuing meritless claims against defendant Moxon in this action. The Court determined that filings by Berry following the dismissal of the first amended complaint on September 28, 1998, created an unnecessary multiplication of the proceedings for Moxon, and

---

[1] There is little case law in the Ninth Circuit articulating the correct formula for calculating an award of attorneys' fees, costs, and expenses under section 1927. District courts in other circuits have concluded that the lodestar method, applied after the time spent in the initial pleadings, is an appropriate method for determining fees under this section. See e.g., Boykin v. Bloomsburg Univ. of Pennsylvania, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995)(calculating fees by multiplying reasonable hourly rate by number of hours reasonably expended on responding to unnecessary multiplication of litigation).

therefore granted Moxon his costs, expenses, and attorneys' fees incurred as a result of Berry's actions after that date.[2]

In submitting a motion to reconsider, counsel must bring to light--or, at a minimum, suggest the existence of--new facts, developments or evidence, which, when examined by the court, might affect the outcome of the motion.[3] Here, plaintiff's counsel has produced volumes of new materials, none of which bear on the litigation at hand. These materials instead recite numerous wrongs purportedly visited upon plaintiff's counsel--not a party to this litigation--by defendants and their counsel. Pattinson, the plaintiff, is barely mentioned in these materials. Consequently, even if there were any basis for reconsideration of the Court's prior ruling, the present motion would fail.

For the foregoing procedural and substantive reasons, plaintiff's motion to reconsider is denied.

Defendant Kendrick Moxon's motion for Rule 11 sanctions is denied without prejudice.

IT IS SO ORDERED.

---

[2] It should further be noted that Berry was declared a "vexatious litigant" just months ago by a judge of the Los Angeles Superior Court. See Def.'s Opp'n. at 6. There, Judge Alexander H. Williams III stated that ". . . if there is such a thing on God's green earth [sic] as a vexatious litigant" Mr. Berry is it. Id.

[3] See Local Rule 7.16; cf. Schwarzer, Tashima & Wagstaffe, CAL PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 12:159 (The Rutter Group 1999). (A motion for reconsideration also "may be appropriate where the judge is demonstrably wrong . . .")