AT-138, EJ-125

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ava M. Paquette, SBN 165375<br>Moxon & Kobrin<br>3055 Wilshire Boulevard, Suite 900<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 487-4468    FAX NO.: (213) 487-5385<br>ATTORNEY FOR (Name): Defendant, Kendrick L. Moxon | |
| NAME OF COURT: United States District Court<br>STREET ADDRESS: 312 N. Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: Central District | |
| PLAINTIFF: Michael Pattinson<br><br>DEFENDANT: Church of Scientology International, et al. | |
| **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**<br>☐ ENFORCEMENT OF JUDGMENT    ☐ ATTACHMENT (Third Person)<br>☑ Judgment Debtor    ☐ Third Person | CASE NUMBER:<br>CV 98-3985 CAS (SHx) |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): GRAHAM BERRY
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. ☑ furnish information to aid in enforcement of a money judgment against you.
   b. ☐ answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. ☐ answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| Date: | Time: | Dept. or Div.: | Rm.: |
|---|---|---|---|
| Address of court ☐ shown above ☐ is: | | | |

3. This order may be served by a sheriff, marshal, registered process server, **or** the following specially appointed person (name):

Date: _____
JUDGE OR REFEREE

**This order must be served not less than 10 days before the date set for the examination.**
**IMPORTANT NOTICES ON REVERSE**

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. ☑ Judgment creditor    ☐ Assignee of record    ☐ Plaintiff who has a right to attach order
   applies for an order requiring (name):                                                     to appear and furnish information
   to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. ☑ the judgment debtor.
   b. ☐ a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. ☐ This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. ☐ The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 28, 2008

Ava M. Paquette                                    ▶ /s/ Ava M. Paquette
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

(Continued on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>AT-138, EJ-125 [Rev. July 1, 2000] | **APPLICATION AND ORDER**<br>**FOR APPEARANCE AND EXAMINATION**<br>(Attachment—Enforcement of Judgment) | Code of Civil Procedure,<br>§§ 491.110, 708.110, 708.120<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

## APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

## APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

## APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

## APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

AT-138, EJ-125 [Rev. July 1, 2000]     **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION** (Attachment—Enforcement of Judgment)     Page two

INSTRUCTIONS AND EXPLANATIONS

A. "Document," "communication" and "record" shall in all instances mean the original of each writing or other tangible thing, as well as all non-identical copies, drafts and preliminary versions of any writing or other tangible thing of any kind within the meaning of these rules, by whatever means made or communicated, including but not limited to letters, e-mails, postings, drawings, sketches, graphs, charts, photographs, audio or video tapes, and other tangible things in any form or media from which information can be obtained, either directly or through the aid of a machine or device.

B. "Document," "communication" and "record" also means: (i) all writings of any kind whether handwritten, typed, printed or otherwise produced or reproduced, and including, but not limited to, all agreements, contracts, letters, telegrams, teletypes, telexes, cables, interoffice communications, memoranda, notes, opinions, reports, evaluations, recommendations, reviews, analyses, minutes, entries in personal diaries or other record books, summaries or notes of conversations or communications of any type or description (including, without limitation, telephone conversations, personal conversations or interviews, meetings, conferences, negotiations and investigations), marginal comments appearing in any documents, calendars, pamphlets, books, manuals, directives, bulletins, news releases, advertisements, ledgers, statistics, surveys, checks, financial statements, invoices, receipts, worksheets, opinions, evaluations,

recommendations and analyses and all drafts of any of the foregoing writings; (ii) all graphic, mechanical, audio, video, magnetic or electronic reproductions, representations, recordings or compilations of data of any kind, including, but not limited to, drawings, charts, graphs, motion picture films, microfilms, microfiles, reels, cassettes, plates, photographs, slides, tapes or other recordings, videotapes, punch cards, magnetic tapes, discs, data cells and drums, and all drafts of any of the foregoing; and (iii) all non-identical copies of the documents listed in (i) and (ii) above.

  C. "Copies" of any documents means all versions of a document which are not, in every respect, identical to the documents being produced.

  D. When this Document Request calls for a document which, while known to you, is not or is no longer in your possession, custody or control, you shall identify, in your written response hereto, the document's present location(s) and custodian(s) if known, or otherwise its last known location(s) and custodian(s).

## DOCUMENTS TO BE PRODUCED

1. All state tax returns from 2005 through 2007.
2. All federal tax returns from 2005 through 2007.
3. Any and all trust accounts in the name of any third party and which contains assets held for your benefit.
4. Any and all documents reflecting the last will and testament of any third party and which bequeaths any assets to you.

5. Any and all documents executed by your father which bequeaths any assets to you.

6. Any and all documents executed by your mother which bequeaths any assets to you.

7. Any and all documents executed by your sister which bequeaths any assets to you.

8. Any and all documents in the name of Jane Scott which reflects assets held for your benefit.

9. Any and all stocks, bonds or other securities in which you have an interest.

10. Any and all documents reflecting any interest in any mortgages or trust deed on real property.

11. Any and all documents reflecting an interest in any promissory note, drafts, bills of exchange, commercial paper, or any other instruments.

12. Any and all documents reflecting any interest in any joint ventures.

13. The most recent statement from any and all deposit, savings, checking or other accounts at any bank, credit union, savings institution, thrift and loan or other financial institution.

14. Any and all documents reflecting your right to access any safety deposit box on yours or another's behalf.

15. Any and all documents reflecting any powers of attorneys you possess to sign checks or other instruments for the payment of money on any account.

16. Any and all documents reflecting the ownership or leasing of any automobile.

17. Any and all documents reflecting any interest in any security agreements or liens on personal property.

18. Any and all judgment you may have against another.

19. All documents reflecting the fact that you are the beneficiary of a trust.

20. Any and all documents reflecting any inheritance in any money or property.

21. Any and all documents reflecting any interest in the estate of any deceased person.

22. Any and all documents reflecting any interest in any will.

23. Any and all documents reflecting any assignment of any insurance policy, judgment or cause of action.

24. Any and all documents reflecting any life insurance you may be entitled to on behalf of another.

25. Any and all documents reflecting any loans or outstanding invoices owed to you.

26. Any and all documents reflecting the appointment of a receiver, trustee or custodian for you or your property.

27. Any and all documents reflecting financial statements or loan application you have made in the last three years.

28. Any and all documents reflecting your signature as a comaker, guarantor, or endorser on any loan or other obligation.

29. Any and all documents reflecting any billings for attorney's fees and costs.

30. Any and all documents reflecting any debts owed to you.

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-98-3985 CAS (SHx)  July 15, 1999

Title:  MICHAEL P. PATTINSON v. CHURCH OF SCIENTOLOGY ET AL.

---

PRESIDING:  HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Jim Holmes,                                    Not present
Deputy Clerk                                   Court Reporter

---

PLAINTIFF COUNSEL PRESENT:     DEFENDANT COUNSEL PRESENT:
None                            None

PROCEEDINGS:  AWARD OF COSTS, EXPENSES, AND ATTORNEYS' FEES

   On April 15, 1999, this Court issued an order finding that
defendant Kendrick Moxon ("Moxon") was entitled to costs,
expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927, or in
the alternative, pursuant to Fed. R. Civ. P. 11. In that order,
the Court directed the parties to submit briefing to determine
the proper amount to be awarded.

   Under section 1927, the court may allow the recovery of
attorneys' fees, costs, and expenses incurred as a result of
unreasonable or unnecessary multiplication of proceedings by an
attorney. In calculating an appropriate award under section
1927, the court determines the amount of fees and expenses
incurred as a direct result of the sanctionable conduct. See
Yagman v. Baden, 796 F.2d 1165, 1187-88 (9th Cir. 1986), amended,
803 F.2d 1085 (9th Cir. 1986). The court may award those fees,
costs, and expenses clearly attributable to the unnecessary
multiplication of proceedings. See Salstrom v. Citicorp Credit
Services, Inc., 74 F.3d 183, 185 (9th Cir. 1996)(holding that

percentage award based on evaluation of attributable costs and fees was appropriate under section 1927).[1]

Under Rule 11, the court may consider a number of factors in determining the amount of fees to be awarded, including: (1) whether the award will deter future misconduct by the sanctioned party; (2) whether the fees incurred were "reasonably necessary to resist the offending action"; and (3) any mitigation of fees and expenses. See Yagman, 796 F.2d at 1183-1185; Pope v. Federal Express, 49 F.3d 1327, 1328 (8th Cir. 1995). The award is limited to those fees and expenses "incurred as a direct result of the [Rule 11] violation." Fed. R. Civ. P. 11(c)(2). In addition, Rule 11 "specifically allows a district court to include the costs associated with sanctions proceedings." Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998) (citing 1993 amendment to Rule 11).

This Court concluded in its previous order that plaintiff's counsel, Graham Berry ("Berry"), acted in bad faith by pursuing meritless claims against defendant Moxon in this action. The Court determined that filings by Berry following the dismissal of the first amended complaint on September 28, 1998, created an unnecessary multiplication of the proceedings for Moxon, and therefore granted Moxon his costs, expenses, and attorneys' fees incurred as a result of Berry's actions after that date.

In the briefs submitted to the Court, Moxon has requested a total amount of $52,809.72, consisting of $50,312.50 in attorneys' fees and $2,497.22 in expenses. Moxon has submitted summaries of time sheets for hours expended by his attorney, Eric

---

[1] There is little case law in the Ninth Circuit articulating the correct formula for calculating an award of attorneys' fees, costs, and expenses under section 1927. District courts in other circuits have concluded that the lodestar method, applied after the time spent in the initial pleadings, is an appropriate method for determining fees under this section. See e.g., Boykin v. Bloomsburg Univ. of Pennsylvania, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995) (calculating fees by multiplying reasonable hourly rate by number of hours reasonably expended on responding to unnecessary multiplication of litigation).

S:\Orders\CIVIL\1998\98-3985.9                                              2

Lieberman ("Lieberman"). See Exhibit A to Declaration of Eric M. Lieberman ("Lieberman Decl."). The summaries reflect that Lieberman performed 143.75 hours of work on this case between October 1, 1998, and April 5, 1998. See Lieberman Decl. at ¶ 8. Lieberman practices in New York, and his ordinary hourly rate ranges from $375 to $400 per hour, which he states is reasonable for an attorney with his education and experience in either New York or Los Angeles. Id. at ¶ 7. Lieberman seeks to recover at a rate of $350 per hour for his services in this action. Id. Lieberman states that he has practiced law for over twenty-eight years. Id. at ¶¶ 2-4.

Moxon has also submitted a request for expenses incurred for Lieberman's travel from New York to appear at a hearing before this Court on April 5, 1999. These expenses include airfare in the amount of $1,896.00, hotel and meal costs of $461.22, and taxi fare of $140.00, for a total of $2,497.22. See id. at ¶ 10.

Defendant also contends that he has attempted to mitigate his costs in defending this action in several respects. For example, Moxon, who is an attorney, does not seek to recover for the hours he personally expended on this litigation.[2] Defendant also points to unsuccessful efforts by Lieberman through the course of the action to convince Berry to dismiss the action against defendant Moxon. See id. at ¶¶ 13-17.

Berry raises several objections to the fees and expenses requested by Moxon.[3] Berry first objects to the hourly rate charged by Lieberman, arguing that his New York rates are unreasonable for litigation conducted in Los Angeles. Berry also contends that the requested travel expenses would not be incurred by local counsel. In addition, Berry argues that Lieberman and

---

[2] Moxon states that he performed over fifty hours of work on this case, resulting in a loss to his own practice. See Declaration of Kendrick L. Moxon, ¶ 3.

[3] Berry also renews his objections to the Court's decision to award fees to Moxon. The Court finds that Berry has not presented any legitimate basis for reconsideration of this Court's earlier order.

Case 2:98-cv-03985-CAS-SH    Document 109    Filed 03/28/08    Page 11 of 15    Page ID
Case 2:98-cv-03985-CAS-SH    Document 47    Filed 07/    /1999    Page 4 of 8
#:47

Moxon conducted the defense in bad faith and failed to mitigate costs in this litigation.

Upon review of the submissions of the parties, the Court finds that defendant Moxon is entitled to recover a reasonable amount of the fees and expenses he has requested. Lieberman has provided time sheets indicating that he expended 143.75 hours over the course of six months. A review of the summaries provided indicates that this time was expended in filing oppositions to motions filed by Berry, as well as in preparing motions in response to the complaint. The record reflects that defendant Moxon filed the following documents after September 28, 1998:

(1) Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Revised Second Amended Complaint and Third Amended Complaint, and Notice of Cross-motion to Dismiss and to Renew Motion for Rule 11 Sanctions (filed November 17, 1998);

(2) Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Third Amended Complaint, and Renewal of Request for Sanctions Under Rule 11 (filed January 11, 1999);

(3) Motion to Dismiss Third Amended Complaint and Renewal of Request for Sanctions Under Rule 11 (filed February 12, 1999);

(4) Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 1, 1999);

(5) Defendant Kendrick L. Moxon's Opposition to Plaintiff's Motion for Leave to File Nunc Pro Tunc to File Revised Third Amended Complaint (filed March 8, 1999);

(6) Reply Memorandum in Support of Defendant Kendrick L. Moxon's Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 15, 1999);

(7) Reply of Defendant Kendrick L. Moxon in Support of Motion to Dismiss Third Amended Complaint (filed March 15, 1999);

(8) Ex Parte Application to Strike Declaration of Michael Pattinson (filed March 22, 1999); and

(9) Reply Memorandum Regarding Plaintiff's Second Opposition to Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (filed March 29, 1999).

From the time sheets submitted by Lieberman, the Court cannot determine the precise number of hours expended on each opposition or motion filed. Based on an examination of these documents, the Court concludes that some of the hours claimed by Lieberman do not fairly represent time expended as a direct result of Berry's sanctionable conduct. The motions to dismiss the amended complaints involved largely the same issues. In addition, defendant's requests for sanctions were based on the similar arguments to those originally advanced by defendant in September 1998. Consequently, the Court concludes that a reduction in the number of hours expended is appropriate in calculating the fee award.

The Court finds that the following hours claimed by Lieberman constitute time spent defending against unnecessary filings by Berry:

(1) October 30: "Receive and review new complaint." (3.50 hours);

(2) November 3: "Review 2nd amended complaint; PCs EP, RM re: strategy, motion; Letter to Berry." (4.00 hours);

(3) November 4: "PCs GB, RM, EP. Review complaint and outline." (2.00 hours);

(4) November 5: "Review GB declaration; PC EP; Review complaint and outline." (2.00 hours);

(5) November 6: "PCs EP. Review Berry's motion to replead." (1.00 hours);

(6) November 9: "Review revised 2nd amended complaint, memo from client. Outline response and cross motion." (2.00 hours);

(7) November 10: "Letter to GB. Work on draft for response and cross motion." (3.00 hours);

(8) November 12: "Work on opposition to Berry motion and cross motion; Research and writing. Revising draft. PCs EP, KL re: same." (8.50 hours);

(9) November 13: "Review, revise, edit draft; PCs EP, RM, BR." (4.50 hours);

(10) December 11: "PCs EP, RM. Research re: § 1927." (2.50 hours);

(11) January 5: "Review Berry motion to amend. Review proposed 3rd amended complaint; PCs EP. Research and began drafting opposition memo." (3.50 hours);

(12) March 1: "Review and edit § 1927 motion; PCs RM." (2.00 hours);

(13) March 2: "Review pleadings. PCs EP re: response to motion; PCs SR, RM." (1.50 hours);

(14) March 10: "PC BD. PC EP. PC RM. Review Berry's latest papers. Conf. call re: response." (2.50);

(15) March 11: "Work on response. PCs EP, RM, BR." (3.00 hours);

(16) March 12: "PCs EP, RM. Review letters, pleadings, response." (2.00 hours);

(17) March 16: "Review Pattinson pleadings. Revise and edit responses. PCs EP, RM." (2.50 hours)

(18) March 18: "Receive and review materials for hearing. PCs EP." (2.50 hours)

(19) March 19: "Review Berry pleadings. PC RM, EP re: motion to strike." (2.00 hours);

(20) March 22: "Read new complaint. PCs EP, RM. Conf. call w/BR, et al. Letters from SR." (3.00 hours);

S:\Orders\CIVIL\1998\98-3985.9                                    6

(21) March 23: "Order. PC's EP, RM. Review Pattinson declaration." (2.50 hours);

(22) April 2: "Review file and materials in preparation for hearing." (4.25 hours);

(23) April 4: "Travel to LA. Meeting w/client. Prepare for hearing. (Hours for travel include only working time)." (6.25 hours); and

(24) April 5: "Review materials for hearing. Attend hearing." (3.75 hours).

Exhibit A to Lieberman Decl.

The Court finds that the above 74.25 hours represent hours necessitated by Berry's actions and fairly represent the excess time spent as a result of the sanctionable conduct.[1] The Court also finds that Lieberman's hourly rate of $350 is comparable to rates of attorneys in the Los Angeles community with comparable skill and experience to that of Lieberman. Therefore, the Court hereby awards attorneys' fees in favor of defendant Moxon for

---

[1] Specifically, the Court finds that items (1) through (9) listed above reflect hours expended in preparing the Opposition of Defendant Kendrick L. Moxon to Plaintiff's Motion for Leave to File Revised Second Amended Complaint and Third Amended Complaint, and Notice of Cross-motion to Dismiss and to Renew Motion for Rule 11 Sanctions, filed November 17, 1998; items (10) and (12) reflect hours spent in preparing defendant's Motion for Costs, Expenses and Attorneys' Fees Pursuant to 28 U.S.C. § 1927, filed March 1, 1999; items (11) and (13) reflect preparation for Defendant Kendrick L. Moxon's Opposition to Plaintiff's Motion for Leave to File Nunc Pro Tunc to File Revised Third Amended Complaint, filed March 8, 1999; items (14)-(16) reflect hours expended for Reply of Defendant Kendrick L. Moxon in Support of Motion to Dismiss Third Amended Complaint, filed March 15, 1999); item (19) reflects hours expended for the Ex Parte Application to Strike Declaration of Michael Pattinson, filed March 22, 1999; and items (17), (18), and (20)-(24) reflect preparation for the April 5, 1999 hearing on defendant's motions before this Court.

74.25 hours at a rate of $350 per hour, for a total sum of $25,987.50.

In addition, the Court concludes that Moxon's choice of New York counsel was not unreasonable in this case, and the travel expenses for one hearing before this Court are not excessive. The Court hereby awards expenses in the amount of $2,497.22.

For the reasons set forth above, the Court awards defendant Moxon the total sum of $28,484.72 in attorneys' fees and expenses.

IT IS SO ORDERED.